| | | |
|---|---|---|
| NEW YORK | # DuaneMorris® | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | *FIRM and AFFILIATE OFFICES* | BALTIMORE |
| PHILADELPHIA | | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | CHARLES J. KEELEY | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 404 8751 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 818 9606 | LAS VEGAS |
| LOS ANGELES | E-MAIL: CJKeeley@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | *www.duanemorris.com* | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE OF DUANE MORRIS* |
| HANOI | | |
| HO CHI MINH CITY | | ALLIANCES IN MEXICO AND SRI LANKA |

**MEMO ENDORSED**

*Discovery is stayed pending resolution of the pending motion to dismiss*

SO ORDERED:

*[signature]*
Paul G. Gardephe, U.S.D.J.
Feb. 13, 2020

February 13, 2020

**BY ECF AND FAX**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007-1312

Re:   Mary Frances Wagley et al. v. JPMorgan Chase Bank, N.A. et al.,
      (USDC, SDNY) (Case No. 1:18-cv-08668)-PGG

Dear Judge Gardephe:

This firm represents the Defendants in the above-referenced action. We write to request that the Court grant an adjournment of a third party deposition that Plaintiffs are seeking to take **this upcoming Tuesday, February 18**, in Dallas, Texas. As Your Honor is aware, there is a fully-briefed motion to dismiss pending, and, although Plaintiffs sought entry of a proposed case management plan in October requesting to set a discovery schedule, the Court adjourned the initial case management conference *sine die* while the motion to dismiss is pending, and did not enter a case management plan.

As described more fully below, since that time Plaintiffs have sought broad discovery from Defendants, including by issuing a series of non-party subpoenas to former JPMorgan employees. The parties have engaged in regular meet and confers in an effort to resolve whether, and to what extent, discovery should proceed before resolution of Defendants' dispositive motion. Unfortunately, despite these ongoing meet and confers, on late Tuesday afternoon of this week, February 11, Plaintiffs insisted for the first time that one of the depositions go forward on February 18, despite the fact that undersigned counsel cannot be available in Texas on that day. Defendants therefore regretfully request the Court's intervention.

Since early January, the parties have met and conferred at least once a week in an effort to avoid motion practice over Plaintiffs' discovery requests. Although these discussions have been constructive in some respects, they have reached an impasse based on Plaintiffs' insistence that deposition discovery should proceed immediately. Throughout these discussions, Plaintiffs have offered no justification as to why depositions should take place now, before any document

Honorable Paul G. Gardephe
February 13, 2020
Page 2

DuaneMorris

discovery has been exchanged, which is unorthodox, inefficient, and contrary to this Court's model case management plan.

Plaintiffs subpoenaed three former JPMorgan employees, each located in Dallas, Texas. As of last Tuesday, February 4, the return date for two of those subpoenas was February 18, which was a control date because no discussion of scheduling either deposition or the witnesses' availability on that date had taken place. During a meet and confer on Wednesday afternoon, February 5, Plaintiffs agreed to withdraw without prejudice two of the three subpoenas, and counsel respectively agreed to continue to meet and confer concerning the third subpoena, without any discussion of scheduling that deposition. The parties again met and conferred about the third subpoena on Friday afternoon, February 7. At that time, we discussed a potential proposal as an alternative to a deposition, and Plaintiffs' counsel agreed that his clients would consider the proposal. There, again, was no discussion of scheduling the deposition. On Monday afternoon, February 10, I emailed Plaintiffs' counsel to follow up on the proposal that we had discussed on Friday, and Plaintiffs' counsel replied that they would provide a response the following day.

On the following day, Tuesday, February 11–two days ago – Plaintiffs' counsel contacted the witness for the very first time, according to the witness, to inquire about his availability on February 18. Plaintiffs' counsel then emailed me late in the afternoon (at 4:52 pm) stating, for the first time, that they intended to proceed with the deposition on the noticed February 18 subpoena return date. Again, prior to February 11, the parties had had no discussion about scheduling the deposition.

Yesterday, I informed Plaintiffs' counsel that I am not available on February 18 or the remainder of Presidents' Week. I will be on a previously-scheduled family vacation. Early this morning, Plaintiffs' counsel replied that they will not consent to an adjournment and intend to proceed on February 18. Therefore, we regretfully must raise this issue with the Court.

Because Plaintiffs will not agree to reschedule the deposition, we respectfully request that the Court order an adjournment of the deposition date. Defendants also intend to submit tomorrow a letter requesting a pre-motion conference for a motion to stay discovery, including depositions, pending the resolution of the fully-briefed motion to dismiss this action. Defendants therefore request that the deposition be adjourned *sine die* pending the resolution of that motion. Further, no depositions should take place prior to the entry of a confidentiality agreement and protective order.

DuaneMorris

Honorable Paul G. Gardephe
February 13, 2020
Page 3

      We thank the Court for its attention to this urgent matter and are available at Your Honor's convenience for a conference to discuss the foregoing.

Respectfully submitted,

Charles J. Keeley
Partner

CJK
cc: All Counsel of Record (by ECF)