**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7049

February 13, 2020

**MEMO ENDORSED**

*The application is denied. Discovery will not proceed until the pending motion to dismiss is resolved.*

SO ORDERED:

_Paul G. Gardephe_
Paul G. Gardephe, U.S.D.J.

Feb. 21, 2020

**VIA E-FILING**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007-1312

Re:   *Mary Frances Wagley, et al. v. JPMorgan Chase Bank, N.A., et al.*, No. 1:18-cv-08668-PGG (S.D.N.Y.)

Dear Judge Gardephe:

We write on behalf of Plaintiffs in the above-captioned action in response to Defendants' letter motion for an adjournment of the deposition of Matthew Smith ("Ltr.") [ECF #59].

**Defendants have violated Your Honor's Individual Rules of Practice, causing extreme prejudice to Plaintiffs.** We are deeply troubled that Defendants chose to violate Part IV.E of Your Honor's Individual Rules of Practice directing the parties to "describe their discovery disputes in a <u>single letter, jointly composed</u>" (original emphasis). Pursuant to that Rule, Plaintiffs anticipated Defendants' letter would be disregarded and "returned, unread" pending submission of a joint letter. Defendants' failure to comply with Your Honor's Rules has prejudiced Plaintiffs by depriving them of an opportunity to respond to the meritless assertions in Defendants' letter. While Plaintiffs of course respect Your Honor's decision on Defendants' letter motion [ECF #60], we are compelled to respond to the grossly misleading contents of Defendants' letter, which Defendants filed in a last-ditch effort to prevent a former Managing Director at JPMorgan from blowing the whistle on the misconduct he witnessed at the bank as recently as 2016.

**Defendants' assertion that Plaintiffs are seeking "broad discovery" that could merit a motion to stay (Ltr. at 1) is a simple falsehood.** Far from seeking "broad discovery," Plaintiffs seek no more than a single deposition from an unrepresented third party who is willing to testify. While Plaintiffs originally sought targeted party discovery, Defendants stonewalled even Plaintiffs' most narrowly tailored requests. Rather than burden the Court with a motion to compel, Plaintiffs proposed Mr. Smith's deposition as an alternative that would cause Defendants no

Honorable Paul G. Gardephe
February 13, 2020

burden. As part of that compromise, Plaintiffs have not pressed for any party discovery, and the parties have met and conferred amicably.

**Defendants' reference to "a series of non-party subpoenas" (Ltr. at 1) is misleading.** At Defendants' request, Plaintiffs repeatedly adjourned and then voluntarily withdrew subpoenas for live testimony from two other former JPMorgan whistleblowers who were also willing to testify. There is every reason that the Court should hear all three of these witnesses' testimony regarding JPMorgan's misconduct towards Plaintiffs. Still, Plaintiffs withdrew all but one of these subpoenas in a good-faith effort to address Defendants' objections. Plaintiffs have made every effort and numerous concessions to avoid burdening Defendants with unnecessary discovery. For Defendants to resort to litigation over the only deposition Plaintiffs are seeking is overreach—and a transparent effort to silence a respected whistleblower.

**Mr. Smith is a former senior JPMorgan employee who will validate and expand on the allegations in the Amended Complaint.** Matthew Smith, a percipient witness who served as Managing Director in JPMorgan's Private Bank in Dallas until 2016, is just one of numerous whistleblowers who have come forward voluntarily to decry JPMorgan's faithless mismanagement of the Mary Penney Wagley Irrevocable Trust. Plaintiffs expect Mr. Smith's testimony will not only validate Plaintiff's timely claims, but will provide further detail on how JPMorgan abused Plaintiffs' trust in a brazen effort to generate improper fees for its asset-management business—misconduct JPMorgan has admitted to the SEC and the CFTC. Mr. Smith is expected to testify that JPMorgan was engaged in "gut-wrenching" breaches of trust that fell well within the post-2013 period during which Defendants concede Plaintiffs would have timely claims.

**Defendants' assertion that "Plaintiffs have offered no justification as to why depositions should take place now" (Ltr. 1) is false.** It has been three years since JPMorgan sought judicial approval of its account and Plaintiffs filed their original complaint in Texas state court. Since the Texas action was dismissed on jurisdictional grounds, Plaintiffs have not pressed for party discovery (or even for an answer to the complaint) while Defendants litigated a motion to remand and a motion to dismiss. Now that this action is proceeding in this Court, it is imperative that discovery be taken in a timely manner as parties and witnesses grow older, and memories fade. Plaintiff Mary Frances Wagley is now in her nineties, and to date has been deprived of any opportunity to obtain evidence or hear testimony regarding JPMorgan's appalling mismanagement of her trust account. The pendency of Defendants' motion to dismiss makes Plaintiffs' targeted deposition of Mr. Smith more—not less—relevant at this stage. As a Managing Director at JPMorgan until 2016, Mr. Smith will put to rest the false assertions in Defendants' motion to dismiss: that JPMorgan did not receive improper fees and did not breach its fiduciary duties after 2013. Defendants' urgent efforts to silence Mr. Smith speaks volumes about his likely testimony.

Defendants' letter also omits that on January 15, 2020, Defendants' counsel admitted that JPMorgan invested Plaintiffs' assets into proprietary funds as identified in its Schedules for the Final Account, which it submitted to the Surrogate's Court. Schedule E of that accounting reflects numerous improper investments made during the three years prior to the filing of Plaintiffs'

Honorable Paul G. Gardephe
February 13, 2020

original complaint. Plaintiffs' claims arising from such investments are unquestionably timely, and there is no reason Plaintiffs should not elicit Matthew Smith's testimony regarding them at Mr. Smith's earliest convenience. Defendants' assertion that his deposition would be "unorthodox" (Ltr. at 2) because no documents have been produced ignores the fact that it is Defendants who have refused to produce documents, and that Plaintiffs proposed Mr. Smith's deposition in good faith as a minimally burdensome alternative to document discovery.

**Defendants' other objections to Mr. Smith's deposition are meritless and misleading.** Defendants' assertion that they lacked notice of Mr. Smith's deposition before February 11, 2020, is simply bizarre (Ltr. at 2). Plaintiffs have sought to proceed with Mr. Smith's deposition at 9:30 A.M. on February 18th, exactly as noticed more than a month earlier; Defendants' assertion that this was only a "control date" (Ltr. at 2) is baseless. Plaintiffs are equally troubled by Defendants' eleventh-hour assertion that Mr. Smith's deposition could not proceed because one of their several attorneys of record is unavailable. If one of Defendants' counsel had a "previously-scheduled" obligation (Ltr. at 2), Defendants should not have waited until less than a week before Mr. Smith's deposition to advise Plaintiffs. Defendants' demand for a protective order is also a red herring, as Plaintiffs agreed on February 5th to execute Your Honor's Model Protective Order and are waiting on Defendants' proposed amendments. Defendants' demand that the deposition be adjourned *sine die* is also unwarranted, as Defendants have indicated that they are available on February 25th. In short, none of Defendants' purported concerns merits even a brief delay of Mr. Smith's deposition, which Plaintiffs proposed as a good-faith compromise in lieu of other discovery, *precisely* to avoid discovery disputes and motion practice.

**Plaintiffs respectfully request a discovery conference with the Court.** Notwithstanding the foregoing, Plaintiffs respect the Court's decision [ECF #60] and will of course not proceed with any discovery, including third-party depositions. Nonetheless, because Defendants cannot show good cause warranting a stay of discovery in this action, Plaintiffs request a conference at the Court's convenience to discuss the limited discovery that Plaintiffs submit is appropriate at this stage of the proceedings, including the deposition of Mr. Smith.

We sincerely thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Nathan Goralnik*

Nathan Goralnik