UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY FRANCES WAGLEY, JAMES WAGLEY,
ANNE WAGLEY, and MARY COPP, as
beneficiaries of the MARY PENNEY WAGLEY
IRREVOCABLE TRUST,

No. 1:18-cv-08668-PGG

                    Plaintiffs,

            - against -

JPMORGAN CHASE BANK, N.A., as trustee of the
MARY PENNEY WAGLEY IRREVOCABLE
TRUST, J.P. MORGAN SECURITIES LLC, J.P.
MORGAN INVESTMENT MANAGEMENT INC.,
JPMORGAN DISTRIBUTION SERVICES, INC.,
and JPMORGAN CHASE & CO.,

                    Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUBSTITUTION**

# TABLE OF CONTENTS

**Page**

BACKGROUND ............................................................................................................. 1

ARGUMENT ................................................................................................................. 1

CONCLUSION .............................................................................................................. 2

# TABLE OF AUTHORITIES

## Cases

*Kotler v. Jubert*,
   No. 16-4191, 2021 WL 161969 (2d Cir. Jan. 19, 2021) ........................................ 2

*Natale v. Country Ford Ltd.*,
   287 F.R.D. 135 (E.D.N.Y. 2012) ......................................................................... 2

*Roe v. City of New York*,
   No. 00 CIV.9062(RWS), 2003 WL 22715832 (S.D.N.Y. Nov. 19, 2003) .............. 1

## Rules / Statutes

Fed. R. Civ. P. 25(a)(1) ........................................................................................ 1, 2

N.Y. E.P.T.L. § 1–2.13 ............................................................................................ 2

N.Y. E.P.T.L. § 11–3.2(b) ........................................................................................ 1

Plaintiffs Mary Frances Wagley, James Wagley, Anne Wagley, and Mary Copp ("Plaintiffs") respectfully submit this memorandum of law in support of their motion to substitute Plaintiff James Wagley, in his capacity as administrator of the Estate of Mary Frances Penney Wagley, as Plaintiff for the late Mary Frances Wagley pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

## BACKGROUND

As set forth in the Declaration of Nathan Goralnik and its accompanying Exhibits ("Ex."), Plaintiff Mary Frances Wagley passed away on November 1, 2020 at the age of 93. Ex. A (Certificate of Death). On November 5, 2020, Plaintiffs served a statement upon counsel for above-captioned Defendants ("Defendants") noting the death. Ex. D (E-mail from N. Goralnik, Esq. to C. Keeley, Esq.).

On November 12, 2020, the State of Maryland issued letters of administration granting administration of Ms. Wagley's estate to Plaintiff James Wagley. Ex. B (Letters of Administration). On February 1, 2021, Mr. Wagley instructed Plaintiff's counsel to substitute the Estate of Mary Frances Penney Wagley (the "Estate") as a Plaintiff in this action for the late Mary Frances Wagley. Ex. C (Letter of Instruction).

## ARGUMENT

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Plaintiff Mary Frances Wagley's death does not extinguish her claims. *See Roe v. City of New York*, No. 00 CIV.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) ("[T]he applicable law is New York Estates, Powers and Trusts Law § 11–3.2(b), which states, 'No cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed.'").

"'A proper party under Rule 25 must be a legal representative of the deceased.'" *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012) (citation omitted). "New York law defines 'a personal representative' as 'a person who has received letters to administer the estate of the decedent . . . .'" *Id.* (quoting N.Y. E.P.T.L. § 1–2.13). Thus, Plaintiff James Wagley, in his capacity as legal representative of Mary Frances Wagley's estate, is the proper party to assert her surviving claims. *See* Ex. B (Letters of Administration).

Finally, Plaintiffs' motion for substitution is procedurally proper. Rule 25(a)(1) provides that "[a] motion for substitution may be made by any party of by the decedent's . . . representative." The Rule sets forth a 90-day period to move for substitution that begins running upon "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1); *see Kotler v. Jubert*, No. 16-4191, 2021 WL 161969, at *3 (2d Cir. Jan. 19, 2021) ("[W]e hold that the 90-day limit began running for Kotler when the AAG properly served Kotler with a statement of death."). A statement noting the death of Plaintiff Mary Frances Wagley was served on November 5, 2020, ninety days before the filing of this motion. Ex. D (E-mail from N. Goralnik, Esq. to C. Keeley, Esq.).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to substitute the Estate of Mary Frances Penney Wagley as Plaintiff should be granted.

Dated: New York, New York
      February 3, 2021

Respectfully submitted,

QUINN EMANUEL URQUHART &
  SULLIVAN, LLP

By: */s/ Nathan Goralnik*
     Andrew J. Rossman
     Nathan Goralnik
     51 Madison Avenue, 22nd Floor
     New York, New York 10010
     Telephone: (212) 849-7000
     Facsimile: (212) 849-7100
     *Counsel for Plaintiffs*