UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARY FRANCES WAGLEY, JAMES WAGLEY, ANNE WAGLEY, and MARY COPP, as beneficiaries of the MARY PENNEY WAGLEY IRREVOCABLE TRUST,

                Plaintiffs,

        v.

JPMORGAN CHASE BANK, N.A., as trustee of the MARY PENNEY WAGLEY IRREVOCABLE TRUST, J.P. MORGAN SECURITIES LLC, J.P. MORGAN INVESTMENT MANAGEMENT INC., JPMORGAN DISTRIBUTION SERVICES, INC., and JPMORGAN CHASE & CO.,

                Defendants.

**ORDER**

18 Civ. 8668 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiffs Mary Frances Wagley, James Wagley, Anne Wagley, and Mary Copp claim that Defendants JPMorgan Chase Bank, N.A. ("Chase"), JPMorgan Securities LLC, JPMorgan Investment Management, JPMorgan Distribution Services, Inc., and JPMorgan Chase & Co. ("JPMC," and together with its affiliates, "JPMorgan") mismanaged the Mary Penney Wagley Irrevocable Trust (the "Trust"), of which they are the beneficiaries. The Amended Complaint asserts claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment. (Am. Cmplt. (Dkt. No. 21))

        On February 3, 2021, Plaintiffs moved under Federal Rule of Civil Procedure 25(a)(1) to substitute Plaintiff James Franklin Penney Wagley, in his capacity as administrator of the Estate of Mary Frances Penney Wagley, for Plaintiff Mary Frances Wagley, who passed

away on November 1, 2020.  (Dkt. No. 69; Pltf. Br. (Dkt. No. 70) at 3; Goralnik Decl. Ex. A (Dkt. No. 71-1))  No party has opposed the motion.

>Federal Rule of Civil Procedure 25(a)(1) provides that

>[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  "[I]n considering a motion to substitute a party pursuant to Rule 25(a)(1), the Court must decide whether: (1) the motion was timely; (2) the claims survive the decedent's death; and (3) the party sought to be substituted for the decedent is a 'proper party.'"  Badalamenti v. Country Imported Car Corp., No. CV-10-4993 SJF WDW, 2012 WL 6061639, at *9 (E.D.N.Y. Dec. 5, 2012) (citing Allen ex rel. Allen v. Devine, Nos. 09–cv–668, 10–cv–1319, 2011 WL 5117619, at * 2 (E.D.N.Y. Oct. 25, 2011)).

A claim survives the decedent's death "if applicable state law creates a right of survival."  Barrett v. United States, 689 F.2d 324, 331 (2d Cir. 1984)).  Moreover, "'[a] "proper party" for substitution under Rule 25(a)(1) is either (1) a successor of the deceased party — a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party — a person lawfully designated by state authority to represent the deceased's estate.'"  Badalamenti, 2012 WL 6061639, at *9 (quoting Allen ex rel. Allen, 2011 WL 5117619, at *4).

Here, Plaintiffs' motion to substitute is timely, because it was submitted within 90 days of their notice to Defendants of Mary Frances Wagley's death.  (Pltf. Br. (Dkt. No. 70) at 3 (noting that Plaintiffs served a statement on Defendants noting Mary Frances Wagley's death on November 5, 2020); Goralnik Decl. Ex. D (Dkt. No. 71-4))  Moreover, Mary Frances Wagley's

claims survive her death, because the applicable state law – New York Estates, Powers and Trusts Law § 11-3.2(b) – provides that "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed."  N.Y. Est. Powers & Trs. Law § 11-3.2; see also Pltf. Br. (Dkt. No. 70) at 3.  Finally, James Wagley, in his capacity as administrator of the Estate of Mary Frances Penney Wagley, is a "proper party" for substitution, because he has been designated by the State of Maryland to represent Mary Frances Wagley's estate.  (See Pltf. Br. (Dkt. No. 70) at 3; Goralnik Decl. Ex. B (Dkt. No. 71-2))

Accordingly, Plaintiffs' motion to substitute James Wagley, in his capacity as administrator of the Estate of Mary Frances Penney Wagley, for Mary Frances Wagley is granted.

Dated: New York, New York
       April 13, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge